UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;  **ORDER**
STEPHEN FLANAGAN, as a Trustee of the GENERAL  11-cv-2678 (ADS)(ETB)
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST
FUND; STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66 GREATER
NY LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as
a Trustee of the GENERAL BUILDING LABORERS' LOCAL
66 TRAINING PROGRAM; STEPHEN FLANAGAN, as a
Trustee of the GENERAL BUILDING LABORERS' LOCAL
66 NEW YORK STATE HEALTH AND SAFETY FUND;
STEPHEN FLANAGAN, as Business Manager of GENERAL
BUILDING LABORERS' LOCAL UNION NO. 66 of the
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

      Plaintiff,

    -against-

HI-TECH FLOORS, INC. and DAVIS PHILLIPS,

      Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Law Offices of William T. LaVelle, P.C.**
*Attorneys for the Plaintiffs*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
  By: Alicia M. Menechino, Esq., of Counsel

**NO APPEARANCE:**
Hi-Tech Floors, Inc.
David Phillips

**SPATT, District Judge.**

The Plaintiffs commenced this action on or about June 3, 2011, asserting claims for damages and injunctive relief pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. On October 18, 2011, the Plaintiffs requested an adjournment of an initial conference scheduled by United States Magistrate Judge E. Thomas Boyle, in part because they were unable to serve the individual defendant, David Phillips, and because on September 9, 2011, he filed for Chapter 11 bankruptcy with the United States District Court for the District of Minnesota, thereby staying such efforts as against him. The Plaintiffs thereafter moved for an entry of default judgment as against the corporate Defendant Hi-Tech Floors, Inc., but have failed to take any further action with regard to the individual Defendant David Phillips.

On January 27, 2012, this Court issued an Order to Show Cause as to why the Plaintiffs' claims against the individual defendant David Phillips should not be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b). In a letter to the Court dated February 3, 2012, the Plaintiffs indicated that they were unable to serve the individual defendant, David Phillips, and that on September 9, 2011, he filed for Chapter 7 bankruptcy with the United States District Court for the District of Minnesota, Case No. 11-35728. However, bankruptcy is only relevant if a case against David Phillips actually exists.

In accordance with Federal Rule of Civil Procedure 4(m), the Plaintiffs were required to serve a summons and complaint upon each named defendant within 120 days of the filing of the complaint. Rule 4(m) states, in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the Plaintiffs filed their complaint on June 3, 2011. Accordingly, the Plaintiffs have not effectuated service on David Phillips within the requisite period of time and have not provided good cause for this failure. Therefore, the Court on its own initiative now dismisses the current action without prejudice as to the individual defendant David Phillips.

The Clerk of the Court is directed to adopt the following amended caption:

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 PENSION FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 NEW YORK STATE HEALTH AND SAFETY FUND; STEPHEN FLANAGAN, as Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

      Plaintiff,

  -against-

HI-TECH FLOORS, INC.,

      Defendant.
---------------------------------------------------------X

**SO ORDERED.**

Dated: Central Islip, New York
February 6, 2012

            ___*/s/ Arthur D. Spatt*_____
             ARTHUR D. SPATT
            United States District Judge