UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL
TRUST FUND; STEPHEN FLANAGAN, as a Trustee
of the GENERAL BUILDING LABORERS' LOCAL 66
GREATER NY LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 TRAINING
PROGRAM; STEPHEN FLANAGAN, as a Trustee of
the GENERAL BUILDING LABORERS' LOCAL 66 NEW
YORK STATE HEALTH AND SAFETY FUND;
STEPHEN FLANAGAN, as Business Manager of
GENERAL BUILDING LABORERS' LOCAL UNION NO.
66 of the LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, AFL-CIO,

        Plaintiff,       REPORT AND
                       RECOMMENDATION
 -against-
                       CV 11-2678 (ADS) (ETB)

HI-TECH FLOORS, INC.,

        Defendant.
------------------------------------------------------------------------x

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

  The plaintiff, a fiduciary of eight employee benefit funds (the "Funds"), brings this action against the defendant, Hi-Tech Floors, Inc. ("Hi-Tech"), pursuant to Section 502 of the Employee

-1-

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiff seeks to recover unpaid employee benefit contributions owed to the Funds pursuant to the terms of the collective bargaining agreement entered into by the parties, as well as interest, liquidated damages, and attorney's fees and costs. Plaintiff filed a motion for a default judgment on October 19, 2011 and the matter was referred to the undersigned for a report and recommendation with respect to whether the motion should be granted, as well as any accompanying damages.

For the following reasons, I recommend that plaintiff's motion for a default judgment be granted and that plaintiff be awarded damages as discussed herein.

## FACTS

Defendant Hi-Tech is a New York corporation engaged in the construction business in Nassau and Suffolk Counties. (Compl. ¶¶ 4-5.) As part of its affiliation with Local 66, Hi-Tech entered into a job site agreement with the union, which in turn bound Hi-Tech to the union's collective bargaining agreement (the "CBA"). (Tr. 4-5; Pl. Ex. A, B.)

Pursuant to the CBA, contractors are required to purchase fringe benefit fund stamps for the employees who perform work within the jurisdiction of Local 66. (Tr. 6.) The contractor can purchase stamps on either a weekly or a monthly basis and is required to provide them to the employees each week with their pay. (Tr. 8.) The contractor is also required to send in a remittance report to the union detailing the serial numbers of the stamps that are provided to each employee on the job site. (Tr. 8.)

In the within action, Hi-Tech performed certain construction work at a Whole Foods

location in Lake Grove, New York during the period November 2009 to January 2010. (Tr. 7.) However, Hi-Tech failed to provide the required employee benefit contributions to the union for two of its employees who performed work at that location. (Tr. 10.) The total amount of employee benefit contributions due and owing is $6,272.89. (Tr. 10; Pl. Ex. D.)

An inquest was held before the undersigned on April 12, 2012. Hi-Tech did not appear at the inquest. In support of his motion, plaintiff called Frank Chimento, the Associate Administrator of the Local 66 Trust Funds, to testify at the inquest.

## DISCUSSION

I.  Default Judgment

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d. Cir. 1993)). The plaintiff "is entitled to all reasonable inferences from the evidence it offers." Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

As a threshold matter, Federal Rule of Civil Procedure 54(c) "limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint . . . ." Ames v. Stat Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D.N.Y. 2005); see also Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). However, plaintiff's request for interest, in addition to its actual damages, may be awarded in an amount determined by the court. See Ames, 227 F.R.D. at 362 (finding that Rule 54(c) "does not require plaintiff to have demanded a sum certain" with respect to damages that accrue during the pendency of a proceeding and are "explicitly requested in the complaint, and sufficiently established by affidavits submitted by plaintiff").

Here, plaintiff filed his Complaint on June 3, 2011. A copy of plaintiff's Complaint was served on Hi-Tech via service on the Secretary of State of New York on August 1, 2011. (Aff. of Stephen L. Colleen dated Aug. 2, 2011.) Hi-Tech failed to answer or otherwise respond to the Complaint. Plaintiff moved for a default judgment on October 19, 2011 and the Clerk of the Court certified Hi-Tech's default on October 21, 2011. (Certificate of Default dated Oct. 21, 2011.) As stated above, Hi-Tech did not appear at the inquest held before the undersigned on April 12, 2012.

Accordingly, I recommend that plaintiff's motion for a default judgment be granted.

## II.   ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such

agreement." 29 U.S.C. § 1145. Thus, in deciding upon damages in a case under ERISA, the court must look to the agreement between the parties. To ensure that employers will make their contributions in a timely manner, Section 502 of ERISA provides for additional monies to be paid by delinquent employers. See 29 U.S.C. § 1132(g)(2); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 502(g)(2) of ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III. Damages

The testimony and documentary evidence submitted by plaintiff at the inquest held on April 12, 2012 establishes that Hi-Tech is liable to the Funds for $6,272.89 in employee benefit contributions for the period November 14, 2009 to January 23, 2010. (Tr. 10; Pl. Ex. D.) The breakdown of contributions owed to each individual Fund is as follows: (1) $1,683.71 due to the Pension Fund; (2) $2,640.47 due to the Welfare Fund; (3) $1,348.38 due to the Annuity Fund; (4) $23.45 due to the Laborer's Employer Cooperative and Educational Trust ("LECET") Fund; (5) $51.59 due to the Greater NY LECET Fund; (6) $70.35 due to the Training Program Fund; (7) $11.73 due to the New York State Health and Safety Fund; and (8) $443.21 due to Local 66. (Pl.

Notation of Default dated Apr. 13, 2012, 1-2.)

Accordingly, I recommend that plaintiff be awarded $6,272.89 in unpaid employee benefit contributions.

B. Interest

Pursuant to the CBA, the Funds are entitled to interest on the unpaid employee benefit contributions at the rate set forth in 26 U.S.C. § 6621, which is four percent (4%). (Tr. 11-12; Pl. Ex. B, Art. 6 § 6(f)(B); Pl. Ex. E.) Mr. Chimento testified at the inquest that the interest due to plaintiff is to be compounded daily. (Tr. 12.) Such compounding is provided for in Section 6621. See 26 U.S.C. § 6621.

Plaintiff calculated the interest due and owing as of the date of the inquest, April 12, 2012, to be $575.05. (Tr. 12-14; Pl. Notation of Default 2.) From the inquest through the date of this Report and Recommendation - June 8, 2012 - the additional interest due to plaintiff, compounded daily, amounts to $39.30.[1] Accordingly, I recommend that plaintiff be awarded interest in the amount of $614.35, with additional interest to be calculated through the date of judgment at a rate of four percent (4%) per annum, compounded daily.

C. Liquidated Damages

The CBA also entitles the Funds to liquidated damages. (Pl. Ex. B, Art. 6 § 6(c), (i).) Liquidated damages are defined by the CBA as "twelve percent, or the percentage rate prescribed under Section 6621 of Title 26 of the United States Code, whichever is greater, of the

---

[1] The undersigned calculated the additional interest using the following website: www.pine-grove.com/online-calculators/compound-interest-calculator.htm. The additional interest was calculated for fifty-seven (57) days, the number of days between the inquest and the date of this Report and Recommendation.

amount owing from the close of the day on which any such payment was due to the date when payment is actually made . . . ." (Tr. 13; Pl. Ex. B, Art. 6 § 6(i).)  Accordingly, it appears that the CBA calculates liquidated damages by applying an interest rate of twelve percent per annum, since that figure is greater than the four percent (4%) provided for in 26 U.S.C. § 6621.

Plaintiff calculated the liquidated damages due and owing as of the date of the inquest - April 12, 2012 - to be $1,809.49.  (Tr. 14.)  Plaintiff calculated such damages by compounding the interest daily, as it did with its interest calculation.  (Tr. 13-14.)  However, the undersigned can find nothing in the CBA entitling plaintiff to compound interest when calculating liquidated damages.[2]  Nor has plaintiff offered any support for such an entitlement.

Where a contract "does not specify whether it means simple interest or compound interest, New York law presumes that it awards only simple interest."  Trs. Laborers Local Union No. 1298 v. A to E, Inc., 09-CV-3810, 2010 U.S. Dist. LEXIS 50458, at *2 (E.D.N.Y. May 19, 2010).  Accordingly, plaintiff is only entitled to recover simple interest when calculating its liquidated damages.

Taking the principal amount due and owing of $6,272.89 and multiplying it by an interest rate of twelve percent (12%) per annum amounts to $752.75 in liquidated damages per year. When divided by 365, the per diem liquidated damages amount is $2.06.  The number of days that have passed between November 14, 2009 and the date of this Report and Recommendation -

---

[2] While 26 U.S.C. § 6621 provides for compound interest, the liquidated damages provision contained in the CBA expressly provides that the Funds are entitled to either twelve percent (12%) interest or the interest rate provided for under Section 6621, whichever is greater, without any reference to compounding.  (Pl. Ex. B, Art. 6 § 6(i).)  Since the twelve percent interest rate is greater than that provided for in 26 U.S.C. § 6621, Section 6621 does not apply and, therefore, the compound interest provision of that section also does not apply to plaintiff's claim for liquidated damages.

June 8, 2012 - amounts to 937 days. Plaintiff is therefore entitled to liquidated damages in the amount of $2.06 per day for 937 days, which computes to $1,930.22.

Accordingly, I recommend that plaintiff be awarded $1,930.22 in liquidated damages, with additional liquidated damages to be calculated through the date of judgment herein at a rate of $2.06 per day.

IV.    Attorney's Fees and Costs

    A.    Attorney's Fees

Plaintiff seeks to recover $1,152.50 in attorney's fees, pursuant to Article Six, Section Six(f)(D) of the CBA, as well as ERISA. In this circuit, attorney's fees must be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998). Here, plaintiff's counsel provided records of the date, time spent and the nature of the work performed with respect to this action. The time records provide adequate detail and the time expended is reasonable.

Accordingly, I recommend that plaintiff be awarded $1,152.50 in attorney's fees.

    B.    Costs

Plaintiff also seeks to recover his costs incurred in connection with this action, pursuant to Article Six, Section Six(f)(D) of the CBA and ERISA. Plaintiff has incurred a total of $720.00 in costs associated with this action, which consist of the court filing fee in the amount of $350.00 and service of process fees in the amount of $370.00. I find such costs to be reasonable and recommend that plaintiff be awarded costs in the amount of $720.00

## RECOMMENDATION

For the foregoing reasons, I recommend that plaintiff's motion for a default judgment be granted and that damages be awarded as follows: (1) $6,272.89 in unpaid employee benefit contributions; (2) $614.35 in interest, with additional interest to be calculated through the date of judgment herein at a rate of four percent (4%) annually, compounded daily; (3) $1,930.22 in liquidated damages, with additional liquidated damages to be calculated through the date of judgment herein at a rate of $2.06 per day; (4) $1,150.52 in attorney's fees; and (5) $720.00 in costs, for a total monetary award of $10,687.98, plus additional pre-judgment interest and liquidated damages.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
       June 8, 2012

                                                /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge