**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 PENSION FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 NEW YORK STATE HEALTH AND SAFETY FUND; STEPHEN FLANAGAN, as Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

                Plaintiff,

        -against-

HI-TECH FLOORS, INC.,

                Defendant.
----------------------------------------------------------X

FILED
CLERK
8/22/2012 12:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
11-cv-2678 (ADS)(ETB)

**APPEARANCES:**

**Law Offices of William T. LaVelle, P.C.**
*Attorneys for the Plaintiffs*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
    By: Alicia M. Menechino, Esq., of Counsel

**NO APPEARANCE:**

Hi-Tech Floors, Inc.

**SPATT, District Judge.**

The Plaintiffs commenced this action on or about June 3, 2011, asserting claims for damages and injunctive relief pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. On October 21, 2011, the Clerk of the Court noted the default of the Defendant Hi-Tech Floors. On October 19, 2011, the Plaintiff moved for a default judgment. On February 11, 2012, the Court referred the matter to United States Magistrate Judge E. Thomas Boyle for a recommendation as to whether the motion for a default judgment should be granted, and if so, to determine what relief was appropriate, including reasonable attorney's fees and costs.

On June 8, 2012, Judge Boyle issued a thorough Report recommending that the Court enter default judgment against the Defendant. First, Judge Boyle recommended that Hi-Tech should be liable to the Plaintiff for a total amount of $6,272.89 in employee benefit contributions for the period from November 14, 2009 to January 23, 2010. In particular, Judge Boyle provided a breakdown of the contributions owed to each individual Fund as follows: (1) $1,683.71 due to the Pension Fund; (2) $2,640.47 due to the Welfare Fund; (3) $1,348.38 due to the Annuity Fund; (4) $23.45 due to the Laborer's Employer Cooperative and Educational Trust ("LECET") Fund; (5) $51.59 due to the Greater NY LECET Fund; (6) $70.35 due to the Training Program Fund; (7) $11.73 due to the New York State Health and Safety Fund; and (8) $443.21 due to Local 66.

Second, Judge Boyle recommended that the Plaintiff be awarded interest in the amount of $614.35, with additional interest to be calculated through the date of judgment at a rate of four

percent (4%) per annum, compounded daily. Third, he recommended that the Plaintiff be awarded $1,930.22 in liquidated damages, with additional liquidated damages to be calculated through the date of judgment herein at a rate of $2.06 per day. Finally, Judge Boyle recommended that the Plaintiff be awarded $1,152.50 in attorney's fees and $720.00 in costs. To date, no objection has been filed to Judge Boyle's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Boyle's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Boyle's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Boyle's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against the Defendant in the amounts recommended by Judge Boyle, namely (1) $6,272.89 in unpaid employee benefit contributions; (2) $614.35 in interest, with additional interest to be calculated through the date of judgment herein at a rate of four percent (4%) annually, compounded daily; (3) $1,930.22 in liquidated damages, with additional liquidated damages to be calculated through the date of judgment herein at a rate of $2.06 per day; (4) $1,150.52 in attorney's fees; and (5)

$720.00 in costs, for a total monetary award of $10,687.98, plus additional pre-judgment interest and liquidated damages, and it is further

  **ORDERED** that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
August 22, 2012

                ____*/s/ Arthur D. Spatt*_____
                 ARTHUR D. SPATT
                United States District Judge